DIEFENBACH, Respondent, vs. JARETT, Appellant.

*December 16, 1921—January 10, 1922.*

*Insurance: Agreements to divide commissions: Validity: Money had and received.*

1. Sub. 2 (e), sec. 1955o, Stats., relating to division of commissions by insurance agents, is construed not to forbid two licensed agents of the same company from assisting each other in their work or prevent concerted action by them in procuring insurance from the same person, and the commissions so earned will be divided in accordance with a prior agreement of the agents.

2. In an action by one insurance agent against another for money had and received, on the ground that the defendant had received from the company commissions which the plaintiff helped to earn, plaintiff must prove that defendant received the money. The record being silent as to this fact, the case is remanded to the trial court to take testimony and determine the question.

APPEAL from a judgment of the circuit court for Milwaukee county: W. B. QUINLAN, Judge. *Reversed.*

The appeal is from a judgment in favor of plaintiff for $5,225.38.

The complaint alleged, in substance, that plaintiff, an agent of the Mutual Insurance Company of New York, agreed with defendant, *Jarett,* an agent of the same company, that they should jointly undertake to write insurance upon the lives of certain men in Marinette, Wisconsin; that the commissions received should be divided equally; that in pursuance of this agreement the policies contemplated were written up; and that defendant now retains the entire com-

missions for certain of the policies, to one half of which plaintiff is entitled.

The evidence shows that plaintiff, after writing a $2,000 policy upon the life of one Charles Lauerman, was of the opinion that a much larger amount could be secured from said Lauerman and certain of his relatives; that in order to obtain the largest amount possible, he secured the services of defendant, he being more proficient in the handling of large policies; that after an introduction by the plaintiff they jointly placed upon the lives of Charles Lauerman and Frank Lauerman insurance to the amount of $200,000; that thereafter defendant, unknown to plaintiff, returned and secured additional policies to the amount of $200,000 and collected certain renewal commissions, all of which latter commissions he refused to divide.

It appears that suit was begun in January, 1919; that the case was twice continued by reason of the sickness of defendant, who was in New York; that a request for another continuance for the same reason on March 14, 1921, was refused and the case then called for trial. Both parties moved for judgment.

The trial court held that the transaction was a joint undertaking whereby each was to receive half of the commissions in consideration of services performed, and judgment was rendered accordingly.

For the appellant there was a brief by *Miller, Mack & Fairchild*, and oral argument by *Paul R. Newcomb*, all of Milwaukee.

*Charles E. Hammersley* of Milwaukee, for the respondent.

JONES, J. This case involves the construction of sub. 2 (e), sec. 1955o, Stats. So far as material it provides as follows:

"*Division of commissions.* (e) Any agent may pay the whole or any part of his commissions to:

"(1) An agent, other than a life agent, holding a certificate of authority under section 1976 for writing the kind of insurance for which such commissions are paid.

"(2) A nonresident insurance agent, or any insurance company authorized in this state, as to insurance upon property owned by nonresidents or located wholly outside of this state.

"(3) A nonresident agent of the fidelity or surety company paying such commissions. Except as aforesaid, no agent shall pay the whole or any part of the commissions upon any policy to any other person."

It is urged by appellant's counsel that this statute prohibits any such division of commissions between agents as is claimed in this action. It is urged that it was the object of the statute to prevent rebating; also to prevent the concerted action of two or more agents, and the annoyance which would result to those who might be solicited to take insurance. It is argued that another purpose was to destroy some of the incentive to pay large commissions to life insurance agents.

There are various other statutes regulating the mode of conducting life insurance, all doubtless designed to prevent various abuses which had existed. One statute prohibits persons from effecting insurance without having obtained a certificate or license. Sub. 1, sec. 1976, Stats. Another provides that no corporation or stock company shall be licensed as agent. Sub. 6, sec. 1976. Another prescribes the qualifications of agents. Sub. 7, sec. 1976. Another clause provides that every company shall file a schedule of percentages or kinds of commissions paid to agents within the state. Sub. 4, sec. 1977. But no statute has been cited, and we find none, which forbids such a transaction as was proved in this case, unless it be the section above quoted and relied on by appellant.

The first policy of $2,000 was secured by plaintiff without the aid of defendant. Then policies amounting to $200,000 were obtained by them jointly upon the lives of

Diefenbach v. Jarett, 176 Wis. 70.

persons contemplated by the agreement. For these last poli-
cies applications were signed by both plaintiff and defendant,
and the commissions were equally divided, apparently with-
out objection by defendant or the insurance company. Then,
as found by the trial court, the defendant, disregarding his
agreement, procured $200,000 more insurance from the
same persons, collected the commission thereon, and refused
to account to the plaintiff.

Both plaintiff and defendant were duly licensed agents
of the same company. Except for the plaintiff's initiative
and effort the defendant would not have received any of the
commission. Unless the statute forbids, justice clearly de-
mands that the commissions should be divided according to
the agreement. Under the agreement the commissions were
not earned by defendant but by the joint efforts of both
parties. Although defendant may have been paid the en-
tire amount of commissions on the last $200,000, they were·
not his commissions within the meaning of the statute. We
do not believe that it was the purpose of the statute in ques-
tion to forbid two licensed agents of the same company to
assist each other in their work. Such co-operation may be
of material advantage to them and to insurance companies
as well.

As we construe the statutes we have mentioned, it is their
purpose to regulate the conduct of companies and agents in
their business and to prevent abuses, but not to discourage
life insurance or its solicitation by agents. It is a matter
of common knowledge that insurance agents duly licensed
by the same company frequently act jointly in writing in-
surance, and the practice has been very generally permitted
by the companies and has not been disapproved by the de-
partment of insurance. If it is a practice which is to be con-
demned by the legislature, the statute should be so amended
that the disapproval will be clearly expressed.

Appellant's counsel objected to the ruling of the court ex-
cluding the contract between the insurance company and the

plaintiff. This contract might be material in litigation between plaintiff and the company relative to commissions, but this is not such an action. We find nothing in the contract which would prevent plaintiff from recovering from a third party a commission received by him from the company which had been earned by their joint efforts under such an agreement as is here relied on.

Defendant's counsel argue that there must be a new trial on the ground that there was no proof that defendant had received from the company the commissions earned.

The action is for money had and received based upon the agreement between the parties, and of course it is necessary to a recovery to prove that defendant received the money sued for. The trial court found that defendant collected and received the premium and renewals upon the policies. There is proof that the premiums were collected, but after careful examination of the printed case and record we find no proof that the commissions were paid by the insurance company to the defendant. Such payment is denied in the answer, and the failure of proof is insisted on by defendant's counsel. It is asserted in the brief of plaintiff's counsel that defendant admitted receiving the commissions in an examination under sec. 4096, Stats., and that it was not disputed at the trial. But no such facts appear in the record.

There seems to be no good reason for a new trial on all the issues. Upon the return of the record to the circuit court, the court should proceed to take testimony on the question whether the commissions involved were paid to the defendant, and if it is found that they were so paid judgment should be rendered in favor of plaintiff for one half the amount, with interest.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as indicated in this opinion, with costs to appellant.